1  THOMAS P. BLEAU, ESQ. (SBN: 152945)
2  BLEAU / FOX, A P.L.C.
   3575 Cahuenga Bl. West, #580
3  Los Angeles, CA 90068
   Telephone: (323) 874-8613
4  Facsimile: (323) 874-1234
   Email: bleaushark@aol.com

5  Attorneys for Plaintiff
   MRM JEWELRY, INC.

6

7

8                    UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA

9  MRM JEWELRY, INC.,                    CV08-06900 GAF (MANx)
                                         CASE NO.
10 a California corporation,

11            Plaintiff,                 COMPLAINT FOR PATENT
                                         INFRINGEMENT
        vs.
12                                       DEMAND FOR JURY TRIAL

13 ABAD GOLD, INC., a New York
   corporation; ALISHAEV BROTHERS,
14 INC., a New York corporation; ASK
   GOLD COMPANY, INC., a California
15 corporation; AZNAVOUR JEWELRY,
   INC., a California corporation; BELAIR
16 GOLD DESIGN, INC., a California
   corporation;  GOLD EXPO, INC., a
17 California corporation dba Oro "U";
   COMEX INTERNATIONAL
18 TRADING, INC., a California
   corporation; DON CARLOS
19 JEWELRY, INC., a California
   corporation; FRANKORO IMPORTS,
20 INC., a New York corporation; GOLD
   TOWN JEWELRY, INC., a California
21 corporation; ITALIAN GOLD, INC., a
   California corporation; KIZER
22 JEWELRY, INC., a California
   corporation; ORO ELEPHANTE, INC.,
23 a California corporation; ORO
   GRANDE JEWELRY, INC.; a
24 California corporation; MOUSA
   SHANS an in individual dba Oro Star
25

26

27

28

and dba Shans Jewelry; ORO STAR, a )
business entity, form unknown dba )
Shans Jewelry; SHANS JEWELRY, a )
business entity, form unknown dba Oro )
Star; RBJ, INC. a California corporation;)
ROYAL JEWELRY & DIAMOND )
FINDING CORP. a New York )
corporation; SOLID GOLD JEWELRY )
CORP., a New York corporation; and )
DOES 1 to 100, inclusive, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

Plaintiff MRM JEWELRY, INC. ("MRM"), for its Complaint against Defendants, ABAD GOLD, INC., a New York corporation; ALISHAEV BROTHERS, INC., a New York corporation; ASK GOLD COMPANY, INC., a California corporation; AZNAVOUR JEWELRY, INC., a California corporation; BELAIR GOLD DESIGN, INC., a California corporation; GOLD EXPO, INC., a California corporation dba Oro "U"; COMEX INTERNATIONAL TRADING, INC., a California corporation; DON CARLOS JEWELRY, INC., a California corporation; FRANKORO IMPORTS, INC., a New York corporation; GOLD TOWN JEWELRY, INC., a California corporation; ITALIAN GOLD, INC., a California corporation; KIZER JEWELRY, INC., a California corporation; ORO ELEPHANTE, INC., a California corporation; ORO GRANDE JEWELRY, INC.; a California corporation; MEHRAN SHANS an in individual dba Oro Star and dba Shans Jewelry; ORO STAR, a business entity, form unknown dba Shans Jewelry; SHANS JEWELRY, a business entity, form unknown dba Oro Star; RBJ, INC. a California corporation; ROYAL JEWELRY & DIAMOND FINDING CORP. a New York corporation; SOLID GOLD JEWELRY CORP.,  a New York corporation; and DOES 1 to 100, inclusive , alleges as follows:

## Jurisdiction and Venue

1.　　This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*  In particular, MRM alleges patent infringement in violation of the Patent Act.  MRM

1   further alleges that sales and/or offers for sale of accused infringing product have
2   taken placed in this district.  Jurisdiction is therefore proper in this Court pursuant
3   to at least 28 U.S.C. §§ 1331, 1338(a) and 1367(a).

4   2.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c)
5   and 28 U.S.C. § 1400(b).

6   **The Parties**

7   3.   MRM is a California corporation with its principal place of business in
8   Los Angeles, California.  MRM has exclusive rights in the Patents In Suit
9   (identified below), and is the sole legitimate manufacturer and distributor of
10   "channel jewelry" products falling under the Patents In Suit.

11   4.   Abad Gold, Inc. is a New York corporation with its principal place of
12   business in New York city, New York.  Abad Gold, Inc. manufactures (or arranges
13   for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

14   5.   Alishaev Brothers, Inc. is a New York corporation with its principal
15   place of business in New York city, New York.   Alishaev Brothers, Inc.
16   manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells
17   channel jewelry products.

18   6.   Ask Gold Company, Inc. is a California corporation with its principal
19   place of business in Los Angeles, California.   Ask Gold, Company, Inc.
20   manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells
21   channel jewelry products.

22   7.   Aznavour Jewelry, Inc. is a California corporation with its principal
23   place of business in Los Angeles, California.  Aznavour Jewelry, Company, Inc.
24   manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells
25   channel jewelry products.

26   8.   Belair Gold Design, Inc. is a California corporation with its principal
27   place of business in Los Angeles, California.   Belair Gold Design, Inc.
28   manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells

channel jewelry products.

9.     Gold Expo, Inc., is a California corporation with its principal place of business in Los Angeles, California and also doing business as Oro "U".  Gold Expo, Inc. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

10.     Comex International Trading, Inc. is a California corporation with its principal place of business in Los Angeles, California.  Comex International Trading, Inc. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

11.     Don Carlos Jewelry, Inc. is a California corporation with its principal place of business in Los Angeles, California.  Don Carlos Jewelry, Inc. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

12.     Frankoro Imports, Inc. is a New York corporation with its principal place of business in New York city, New York.  Frankoro Imports, Inc. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

13.     Gold Town Jewelry, Inc. is a California corporation with its principal place of business in Los Angeles, California.  Gold Town Jewelry, Inc. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

14.     Italian Gold, Inc. is a California corporation with its principal place of business in Los Angeles, California.  Italian Gold, Inc. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

15.     Kizer Jewelry, Inc. is a California corporation with its principal place of business in Los Angeles, California.  Kizer Jewelry, Inc. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

16.    Oro Elephante, Inc. is a California corporation with its principal place of business in Los Angeles, California.   Oro Elephante, Inc. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

17.    Oro Grande Jewelry, Inc. is a California corporation with its principal place of business in Los Angeles, California.   Oro Grande Jewelry, Inc. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

18.    Mehran Shans is an individual, residing in Los Angeles, California, and doing business as Oro Star and as Shans Jewelry in Los Angeles, California. Mehran Shans dba Oro Star and dba Shans Jewelry manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

19.    Oro Star is a business entity, form unknown with its principal place of business in Los Angeles, California and sometimes doing business as Shans Jewelry.  Oro Star manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

20.    Shans Jewelry is a business entity, form unknown with its principal place of business in Los Angeles, California and sometimes doing business as Oro Star.  Shans Jewelry manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

21.    RBJ, Inc. is a California corporation with its principal place of business in Los Angeles, California.   RBJ, Inc. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

22.    Royal Jewelry & Diamond Finding Corp. is a New York corporation with its principal place of business in New York city, New York.  Royal Jewelry & Diamond Finding Corp. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

23.    Solid Gold Jewelry Corp. is a New York corporation with its principal

place of business in New York city, New York.   Solid Gold Jewelry Corp. manufactures (or arranges for manufacture), distributes, offers for sale, and/or sells channel jewelry products.

24.   Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive and therefore sue these Defendants by such fictitious names.   Plaintiffs will, if necessary, amend this complaint to allege such true names and capacities when ascertained.

## **Nature of the Proceeding**

25.   This action includes patent infringement under 35 U.S.C. ¶ 271.   MRM has exclusive rights including the right to sue on the following patents which the defendants, and each of them, are infringing:

a)   United States Patent No. Des. 429,657 ("the '657 Patent"), entitled "TUBING," issued on January 27, 2004 to Baghdassarian et al. (copy attached as Exhibit 1);

b)   United States Patent No. US D485,777 S ("the '777 Patent"), entitled "JEWELRY CHANNEL," issued on January 27, 2004 to Baghdassarian et al. (copy attached as Exhibit 2); and

c)   United States Patent No. US D514,979 S ("the '979 Patent"), entitled "JEWELRY CHANNEL," issued on February 14, 2006 to Baghdassarian et al. (copy attached as Exhibit 3) (collectively, "the Patents In Suit");

25.   MRM also has exclusive rights in other U.S. Patents including, United States Patent No. US D509,457 S ("the '457 Patent"), entitled "JEWELRY CHANNEL," issued on September 13, 2005 Baghdassarian et al. ("the Other MRM Patent").

26.   MRM brings this action to prevent Defendants from infringing MRM's Patents In Suit.

27.   Should MRM find that its other MRM Patent is infringed, it may

1   amend this complaint accordingly.

2   <center>**Background**</center>

3       29.   MRM, is in the the jewelry manufacturing and wholesale business.

4       30.   MRM's principals pursued patents to protect its inventions, and its

5   place in the market and its assignor, Missak Bagdassarian filed a patent application

6   on a jewelry channel described as an "ornamental design for a jewelry channel"

7   substantially as shown in Exhibit 1, which matured into U.S. Patent No. DES.

8   429,657 issued August 22, 2000.

9       31.   Thereafter, to improve on the invention, Bagdassarian eventually

10   obtained three more patents, including the '777 and '979 patents, and also the '457

11   patent.  The MRM products incorporating these four patents in jewelry channel

12   products are referred to as MRM jewelry channel products.

13       32.   MRM's patent portfolio is an important part of its overall

14   manufacturing business and success.

15       33.   Attempting to capitalize on the success of MRM's jewelry channel

16   technology, Defendants have been selling jewelry channel products that infringe

17   MRM's Patents In Suit.

18   <center>**COUNT I**</center>

19   <center>**INFRINGEMENT OF THE '657 PATENT**</center>

20       34.   MRM realleges and incorporates herein by reference the allegations

21   contained in Paragraphs 1 through 33 of this Complaint.

22       35.   Plaintiff is informed and believes and based thereon alleges that

23   Defendants, Abad Gold, Inc., Alishaev Brothers, Inc., Gold Expo, Inc. dba Oro

24   "U", Comex International Trading, Inc., Don Carlos Jewelry, Inc., Italian Gold,

25   Inc., Kizer Jewelry, Inc., Oro Elephante, Inc., RBJ, Inc., Royal Jewelry & Diamond

26   Finding Corp., and Solid Gold Jewelry Corp.,  are infringing, contributorily

27   infringing, and/or actively inducing, others to infringe the '657 Patent in this

28   District and elsewhere by making, using, offering for sale, and/or selling jewelry

1  channel products that are covered by the claims of the '657 Patent.  On further
2  information and belief, Plaintiff alleges that the remaining named defendants, Ask
3  Gold Company, Inc., Aznavour Jewelry, Inc., Belair Gold Design, Inc., Frankoro
4  Imports, Inc., Gold Town Jewelry, Inc., Oro Grande Jewelry, Inc., Mousa Shans,
5  Oro Star, Shans Jewelry, may also be infringing, contributorily infringing, and/or
6  actively inducing, others to infringe the '657 Patent in this District and elsewhere
7  by making, using, offering for sale, and/or selling jewelry channel products that are
8  covered by the '657 Patent and if discovery so reveals, Plaintiff intends to so amend
9  this Complaint.

10      36.    On information and belief, the above-named defendants, and each of
11  them, will continue to infringe, contributorily infringe, and actively induce others to
12  infringe the '657 Patent unless and until they are enjoined by this Court.

13      37.    These defendants, and each of them, have caused and will continue to
14  cause MRM substantial damage and irreparable injury by infringing, contributorily
15  infringing, and/or inducing others to infringe the '657 Patent.  MRM will suffer
16  further irreparable injury, for which it has no adequate remedy at law, unless and
17  until these defendants are enjoined from infringing, contributorily infringing, and/or
18  inducing others to infringe the '657 Patent.

## COUNT II

## INFRINGEMENT OF THE '777 PATENT

19
20
21      38.    MRM realleges and incorporates herein by reference the allegations
contained in Paragraphs 1 through 33 of this Complaint.
22
23      39.    Plaintiff is informed and believes and based thereon alleges that
Defendants, Alishaev Brothers, Inc., Ask Gold Company, Inc., Aznavour Jewelry,
24  Inc., Belair Gold Design, Inc., Frankoro Imports, Inc., Gold Town Jewelry, Inc.,
25  Italian Gold, Inc., Kizer Jewelry, Inc., Oro Elephante ,Inc., Oro Grande Jewelry, Inc.,
26  Mousa Shans, Oro Star, Shans Jewelry, RBJ, Inc., and Solid Gold Jewelry Corp.,  are
27  infringing, contributorily infringing, and/or actively inducing, others to infringe the
28

LEAU/FOX, A.P.L.C.
Los Angeles

8

**PLAINTIFF'S COMPLAINT**

1 | '777 Patent in this District and elsewhere by making, using, offering for sale, and/or
2 | selling jewelry channel products that are covered by the claims of the '777 Patent.
3 | On further information and belief, Plaintiff alleges that the remaining named
4 | defendants, Abad Gold, Inc., Gold Expo, Inc. dba Oro "U", Comex International
5 | Trading, Inc., Don Carlos Jewelry, Inc., Royal Jewelry & Diamond Finding Corp.,
6 | may also be infringing, contributorily infringing, and/or actively inducing, others to
7 | infringe on the '777 Patent in this District and elsewhere by making, using, offering
8 | for sale and/or selling jewelry channel products that are covered by the '777 Patent
9 | and if discovery so reveals, Plaintiff intends to so amend this Complaint.

10 |     40.   On information and belief, the above-named defendants, and each of
11 | them, will continue to infringe, contributorily infringe, and actively induce others to
12 | infringe the '777 Patent unless and until they are enjoined by this Court.

13 |     41.   These defendants, and each of them, have caused and will continue to
14 | cause MRM substantial damage and irreparable injury by infringing, contributorily
15 | infringing, and/or inducing others to infringe the '777 Patent.  MRM will suffer
16 | further irreparable injury, for which it has no adequate remedy at law, unless and
17 | until these defendants are enjoined from infringing, contributorily infringing, and/or
18 | inducing others to infringe the '777 Patent.

## COUNT III

## INFRINGEMENT OF THE '979 PATENT

19 |     42.   MRM realleges and incorporates herein by reference the allegations
20 | contained in Paragraphs 1 through 33 of this Complaint.

21 |     43.   Defendants, Abad Gold, Inc., Alishaev Brothers, Inc., Ask Gold
22 | Company, Inc., Belair Gold Design, Inc., Gold Expo, Inc. dba Oro "U", Don Carlos
23 | Jewelry, Inc., Kizer Jewelry, Inc., Oro Elephante ,Inc., Oro Grande Jewelry, Inc.,
24 | RBJ, Inc., Royal Jewelry & Diamond Finding Corp., and Solid Gold Jewelry Corp.,
25 | are infringing, contributorily infringing, and/or actively inducing, others to infringe
26 | the '979 Patent in this District and elsewhere by making, using, offering for sale,

27 |
28 |

1    and/or selling jewelry channel products that are covered by the claims of the '979
2    Patent. On further information and belief, Plaintiff alleges that the remaining named
3    defendants, Aznavour Jewelry, Inc., Comex International Trading, Inc., Frankoro
4    Imports, Inc., Gold Town Jewelry, Inc., Italian Gold, Inc., Mousa Shans, Oro Star,
5    Shans Jewelry, may also be infringing, contributorily infringing, and/or actively
6    inducing, others to infringe on the '979 Patent in this District and elsewhere by
7    making, using, offering for sale and/or selling jewelry channel products that are
8    covered by the '979 Patent and if discovery so reveals, Plaintiff intends to so amend
9    this Complaint.

10        44.    On information and belief, the above-named defendants, and each of
11    them, will continue to infringe, contributorily infringe, and actively induce others to
12    infringe the '979 Patent unless and until they are enjoined by this Court.

13        45.    These defendants, and each of them, have caused and will continue to
14    cause MRM substantial damage and irreparable injury by infringing, contributorily
15    infringing, and/or inducing others to infringe the '979 Patent. MRM will suffer
16    further irreparable injury, for which it has no adequate remedy at law, unless and
17    until these defendants are enjoined from infringing, contributorily infringing, and/or
18    inducing others to infringe the '979 Patent.

## PRAYER FOR RELIEF

19        WHEREFORE, MRM respectfully requests that this Court:

## ON COUNT I (the '657 Patent)

20
21        A.    Enter judgment that Defendants, Abad Gold, Inc., Alishaev Brothers,
22    Inc., Gold Expo, Inc. dba Oro "U", Comex International Trading, Inc., Don Carlos
23    Jewelry, Inc., Italian Gold, Inc., Kizer Jewelry, Inc., Oro Elephante ,Inc., RBJ, Inc.,
24    Royal Jewelry & Diamond Finding Corp., and Solid Gold Jewelry Corp. have
25    infringed, contributorily infringed, and/or actively induced others to infringe the
26    '657 Patent;
27
28

B.     Enter an order permanently enjoining Defendants, Abad Gold, Inc., Alishaev Brothers, Inc., Comex International Trading, Inc., Don Carlos Jewelry, Inc., Italian Gold, Inc., Kizer Jewelry, Inc., Oro Elephante ,Inc., RBJ, Inc., Royal Jewelry & Diamond Finding Corp., and Solid Gold Jewelry Corp. and their officers, agents, attorneys, and all persons in privity or active concert or participation with it from infringing, contributorily infringing, and/or inducing others to infringe the '657 Patent;

C.     Award MRM damages sufficient to compensate it for said Defendants' infringement, contributory infringement, and/or active inducement of others' infringement of the '657 Patent, together with prejudgment interest thereon;

D.     Declare that said Defendants' infringement was willful and deliberate and award MRM treble damages according to 35 U.S.C. § 284;

E.     Declare this case exceptional under 35 U.S.C. § 285 and award MRM its reasonable attorneys' fees, expenses, and costs incurred in this action;

F.     Require said Defendants to provide an accounting for their respective profits, together with those profits lost by MRM due to said Defendants' actions complained of herein;

G.     Order that said Defendants be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law;

H.     Order that all gains, profits and advantages derived by said Defendants from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of MRM;

I.     Award MRM reasonable attorney's fees;

J.     Award MRM such other and further relief as this Court deems just and proper; and

K.     Award MRM reasonable attorney's fees;

1      L.      Award MRM such other and further relief as this Court deems just and

2    proper; and

3                          **ON COUNT II (the '777 Patent)**

4      M.      Enter judgment that Defendants, Alishaev Brothers, Inc., Ask Gold

5    Company, Inc., Aznavour Jewelry, Inc., Belair Gold Design, Inc., Frankoro

6    Imports, Inc., Gold Town Jewelry, Inc., Italian Gold, Inc., Kizer Jewelry, Inc., Oro

7    Elephante ,Inc., Oro Grande Jewelry, Inc., Mousa Shans, Oro Star, Shans Jewelry,

8    RBJ, Inc., and Solid Gold Jewelry Corp.,  have infringed, contributorily infringed,

9    and/or actively induced others to infringe the '777 Patent;

10     N.      Enter an order permanently enjoining Defendants, Alishaev Brothers,

11   Inc., Ask Gold Company, Inc., Aznavour Jewelry, Inc., Belair Gold Design, Inc.,

12   Frankoro Imports, Inc., Gold Town Jewelry, Inc., Italian Gold, Inc., Kizer Jewelry,

13   Inc., Oro Elephante ,Inc., Oro Grande Jewelry, Inc., Mousa Shans, Oro Star, Shans

14   Jewelry, RBJ, Inc., and Solid Gold Jewelry Corp.,  and their officers, agents,

15   attorneys, and all persons in privity or active concert or participation with it from

16   infringing, contributorily infringing, and/or inducing others to infringe the '777

17   Patent;

18     O.      Award MRM damages sufficient to compensate it for said Defendants'

19   infringement, contributory infringement, and/or active inducement of others'

20   infringement of the '777 Patent, together with prejudgment interest thereon;

21     P.      Declare that said Defendants' infringement was willful and deliberate

22   and award MRM treble damages according to 35 U.S.C. § 284;

23     Q.      Declare this case exceptional under 35 U.S.C. § 285 and award MRM

24   its reasonable attorneys' fees, expenses, and costs incurred in this action;

25     R.      Require said Defendants to provide an accounting for their respective

26   profits, together with those profits lost by MRM due to said Defendants' actions

27   complained of herein;

28

1    S.    Order that said Defendants be required to account for all gains, profits,

2    and advantages derived from its acts of infringement and for its other violations of

3    law;

4    Order that all gains, profits and advantages derived by said Defendants from its acts

5    of infringement and other violations of law be deemed to be held in constructive

6    trust for the benefit of MRM;

7    ## ON COUNT III (the '979 Patent)

8    T.    Enter judgment that Defendants, Abad Gold, Inc., Alishaev Brothers,

9    Inc., Ask Gold Company, Inc., Belair Gold Design, Inc., Gold Expo, Inc. dba Oro

10   "U", Don Carlos Jewelry, Inc., Kizer Jewelry, Inc., Oro Elephante ,Inc., Oro

11   Grande Jewelry, Inc., RBJ, Inc., Royal Jewelry & Diamond Finding Corp., and

12   Solid Gold Jewelry Corp., have infringed, contributorily infringed, and/or actively

13   induced others to infringe the '979 Patent;

14   U.    Enter an order permanently enjoining Defendants, Abad Gold, Inc.,

15   Alishaev Brothers, Inc., Ask Gold Company, Inc., Belair Gold Design, Inc., Don

16   Carlos Jewelry, Inc., Kizer Jewelry, Inc., Oro Elephante ,Inc., Oro Grande Jewelry,

17   Inc., RBJ, Inc., Royal Jewelry & Diamond Finding Corp., and Solid Gold Jewelry

18   Corp.,  and their officers, agents, attorneys, and all persons in privity or active

19   concert or participation with it from infringing, contributorily infringing, and/or

20   inducing others to infringe the '979 Patent;

21   V.    Award MRM damages sufficient to compensate it for said Defendants'

22   infringement, contributory infringement, and/or active inducement of others'

23   infringement of the '979 Patent, together with prejudgment interest thereon;

24   W.    Declare that said Defendants' infringement was willful and deliberate

     and award MRM treble damages according to 35 U.S.C. § 284;

25   X.    Declare this case exceptional under 35 U.S.C. § 285 and award MRM

26   its reasonable attorneys' fees, expenses, and costs incurred in this action;

27

28

LEAU/FOX, A P.L.C.
Los Angeles

13

PLAINTIFF'S COMPLAINT

1     Y.    Require said Defendants to provide an accounting for their respective

2 profits, together with those profits lost by MRM due to said Defendants' actions

3 complained of herein;

4     Z.    Order that said Defendants be required to account for all gains, profits,

5 and advantages derived from its acts of infringement and for its other violations of

6 law;

7     AA.   Order that all gains, profits and advantages derived by said Defendants

8 from its acts of infringement and other violations of law be deemed to be held in

9 constructive trust for the benefit of MRM; and

10    BB.   Award MRM reasonable attorney's fees;

11    CC.   Award MRM such other and further relief as this Court deems just and

12 proper.

## DEMAND FOR JURY TRIAL

MRM hereby demands a jury trial on all issues appropriately triable

by a jury.

Respectfully submitted,

BLEAU / FOX, A P.L.C.

Dated: October _14_, 2008    By: _____

Thomas P. Bleau, Esq.
Attorneys for Plaintiff,
MRM JEWELRY, INC.

**EXHIBIT 1**

US00D429657S

# United States Patent [19]

## Baghdassarian et al.

[11]   Patent Number:     **Des. 429,657**

[45]   Date of Patent:   ✱✱ **Aug. 22, 2000**

[54] **TUBING**

[76] Inventors: **Missak Baghdassarian**, 24820 Bell Vista Dr., New Hall, Calif. 91321; **Aram Yermagyan**, 1048 Trafalgar Dr., Glendale, Calif. 91207

[**] Term:        **14 Years**

[21] Appl. No.: **29/072,205**

[22] Filed:        **May 30, 1997**

[51] LOC (7) Cl. ......................................................... **11-01**
[52] U.S. Cl. ................................................................ **D11/3**
[58] Field of Search ........................... D11/1–18, 26–39, D11/86; 63/1.1, 2, 3, 15–15.8; D25/119, 121, 125, 164

[56]              **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| Re. 4,253 | 2/1871 | Codding | 63/3 |
| D. 33,674 | 12/1900 | Bliss | D11/39 |
| D. 48,250 | 12/1915 | Kuehn | D11/39 |
| D. 93,037 | 8/1934 | Oulton | D11/4 |
| 150,741 | 5/1874 | Barrows | 63/3 |
| 163,924 | 11/1875 | Thomson | 63/3 |
| 228,348 | 1/1880 | Hayward | 63/3 |
| D. 245,273 | 8/1977 | Pettersson . | |
| 1,224,193 | 5/1917 | Milhening | 63/15 |
| 2,003,950 | 6/1935 | Pejchar . | |
| 3,640,781 | 2/1972 | Ansuini et al. . | |
| 3,919,764 | 11/1975 | Berghezan . | |
| 4,052,863 | 10/1977 | Poll . | |
| 4,166,153 | 8/1979 | Fercke . | |
| 4,666,790 | 5/1987 | Tizzi . | |

| | | | |
|---|---|---|---|
| 5,218,839 | 6/1993 | Udko . | |
| 5,343,608 | 9/1994 | MacDonald | 63/3 |

OTHER PUBLICATIONS

Brochure, Style Makers, Thousands of patterns, styles, and sizes of precious metal tubing, stern–leach. No Date.
Brochure, stern–leach, The new standard. No Date.
Brochure, Are you taking full advantage of Silver's popularity, stern–leach. No Date.
Brochure, Our fancy bangle halves create a pattern for success, stern–leach. No Date.
Brochure, Apollo Tubing Corporation, Your Source of Quality. No Date.
Brochure, M.A.J. Manufacturing, Inc., Michael Anthony Jewelers, Inc. No Date.

*Primary Examiner*—Ralf Seifert
*Attorney, Agent, or Firm*—Knobbe, Martens, Olson & Bear, LLP

[57]              **CLAIM**

The ornamental design for tubing, as shown and described.

**DESCRIPTION**

FIG. **1** is a top plan view of an alternative embodiment of the tubing of the present invention;
FIG. **2** is a front elevational view of the tubing of FIG. **5**, the rear elevational view being identical;
FIG. **3** is a right side elevational view of the tubing of FIG. **5**, the left side elevational view being identical;
FIG. **4** is a cross-sectional view of the tubing of FIG. **5** taken through line 4—4 of FIG. **6**; and,
FIG. **5** is a bottom plan view of the tubing of FIG. **5**.

**1 Claim, 1 Drawing Sheet**



**U.S. Patent**  Aug. 22, 2000  **Des. 429,657**



*Fig. 3*

*Fig. 4*

*Fig. 1*

*Fig. 2*

*Fig. 5*

# EXHIBIT 2

US00D485777S

(12) **United States Design Patent**     (10) Patent No.:     **US D485,777 S**
Baghdassarian et al.                      (45) Date of Patent:     ✱✱     **Jan. 27, 2004**

(54) **JEWELRY CHANNEL**

(76) Inventors:  **Missak Baghdassarian**, 4530 San
                 Fernando Rd., Glendale, CA (US)
                 91204; **Raffi Baghdassarian**, 4530 San
                 Fernando Rd., Glendale, CA (US)
                 91204

(✱✱) Term:     **14 Years**

(21) Appl. No.: **29/164,401**

(22) Filed:     **Jul. 23, 2002**

(51) LOC (7) Cl. .................................................... **11-01**
(52) U.S. Cl. ........................................................... **D11/3**
(58) Field of Search .......................... D11/1–18, 26–39,
          D11/86; 59/80, 83, 78, 3, 86, 79.3; 63/1.1,
          2, 3, 15–15.8; D25/121, 119, 122, 125,
          164; D8/9; D23/266, 267

(56)              **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 2,819,585 | A | ✱ | 1/1958 | Binder | 59/79.3 |
| D204,889 | S | ✱ | 5/1966 | Gingner | D25/121 |
| 3,402,521 | A | ✱ | 9/1968 | Tischuk | 54/460 |

| | | | | | |
|---|---|---|---|---|---|
| D270,375 | S | ✱ | 8/1983 | Cavalie | D25/121 |
| 4,991,368 | A | ✱ | 2/1991 | Amstutz | 52/241 |
| 5,437,149 | A | ✱ | 8/1995 | Strobel | 59/80 |
| 5,452,572 | A | ✱ | 9/1995 | Alvaro et al. | 59/80 |
| 5,660,036 | A | ✱ | 8/1997 | Rozenwasser | 59/80 |
| D429,657 | S | ✱ | 8/2000 | Baghdassarian et al. | D11/3 |
| 6,460,323 | B1 | ✱ | 10/2002 | Rosenwasser et al. | 59/80 |

* cited by examiner

*Primary Examiner*—Ralf Seifert
(74) *Attorney, Agent, or Firm*—Roger A. Marrs

(57)              **CLAIM**

The ornamental design for a jewelry channel, substantially
as shown and described.

**DESCRIPTION**

FIG. **1** is a top plan view of a jewelry channel showing our
new design;
FIG. **2** is a side elevational view with the opposite side being
a mirror image;
FIG. **3** is an end elevational view; and,
FIG. **4** is a bottom plan view.

1 Claim, 1 Drawing Sheet



**U.S. Patent**            Jan. 27, 2004            **US D485,777 S**



# EXHIBIT 3

(12) **United States Design Patent**
Baghdassarian et al.

(10) Patent No.: **US D514,979 S**

(45) Date of Patent: ** Feb. 14, 2006

(54) **JEWELRY CHANNEL**

(76) Inventors: **Missak Baghdassarian**, 4530 San Fernando Rd., Glendale, CA (US) 91204; **Raffi Baghdassarian**, 4530 San Fernando Rd., Glendale, CA (US) 91204

(**) Term: **14 Years**

(21) Appl. No.: **29/222,781**

(22) Filed: **Feb. 4, 2005**

**Related U.S. Application Data**

(62) Division of application No. 29/164,401, filed on Jul. 23, 2002, now Pat. No. Des. 485,777, and a division of application No. 29/193,337, filed on Nov. 10, 2003, now Pat. No. Des. 509,457.

(51) **LOC (8) Cl.** ............................................... **11-01**

(52) **U.S. Cl.** .......................................... **D11/91**; D11/3

(58) **Field of Classification Search** ............... D11/1–3, D11/6–12, 16–28, 34–43, 47, 75, 79, 91–93; 63/1.11–14.1, 20, 22, 23, 26–33; D30/131–132; D25/119, 121; D8/377; 59/80, 83, 35.1
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D204,889 | S | * | 5/1966 | Gingher | ....................... D8/377 |
| 3,369,367 | A | * | 2/1968 | Saad et al. | ..................... 405/46 |
| D270,375 | S | * | 8/1983 | Cavalie | ..................... D25/121 |
| D351,668 | S | * | 10/1994 | Lim et al. | .................. D25/121 |
| 6,460,323 | B1 | * | 10/2002 | Rosenwasser et al. | ......... 59/80 |
| 6,644,008 | B2 | * | 11/2003 | Rosenwasser et al. | ......... 59/80 |
| D489,830 | S | * | 5/2004 | Barnett | ..................... D25/119 |

* cited by examiner

*Primary Examiner*—Ralf Seifert

(57) **CLAIM**

The ornamental design for a jewelry channel, substantially as shown and described.

**DESCRIPTION**

FIG. 1 is a top plan view of a jewelry channel showing our design therefor;

FIG. 2 is a side elevational view thereof with the opposite side being a mirror image;

FIG. 3 is an end view thereof; and,

FIG. 4 is a bottom view thereof.

**1 Claim, 1 Drawing Sheet**



**U.S. Patent**                    Feb. 14, 2006                    US D514,979 S



FIG. 1

FIG. 2

FIG. 3

FIG. 4

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV08- 6900 GAF (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# United States District Court

## CENTRAL DISTRICT OF CALIFORNIA

MRM JEWELRY, INC., a California corporation

**SUMMONS IN A CIVIL CASE**

V.

ABAD GOLD, INC., a New York corporation, et al.

(See Attachment "A" for full list of Defendants)

CASE NUMBER:

**CV08-06900 GAF (MANx)**

TO:  (Name and address of Defendant)

See Attachment "B" for full list of Defendants and their addresses.

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Thomas P. Bleau, Esq.
BLEAU FOX, A P.L.C.
3575 Cahuenga Blvd. West, Suite 580
Los Angeles, CA 90068

an answer to the complaint which is herewith served upon you, within 20 ___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Terry Nafisi

CLERK

DATE  **OCT 2 0 2008**

LA'REE HORN

(BY) DEPUTY CLERK



1192

AO-440

## Attachment A - List of Defendants

ABAD GOLD, INC., a New York corporation;
ALISHAEV BROTHERS, INC., a New York corporation;
ASK GOLD COMPANY, INC., a California corporation;
AZNAVOUR JEWELRY, INC., a California corporation;
BELAIR GOLD DESIGN, INC., a California corporation;
GOLD EXPO, INC., a California corporation dba Oro "U";
COMEX INTERNATIONAL TRADING, INC., a California corporation;
DON CARLOS JEWELRY, INC., a California corporation;
FRANKORO IMPORTS, INC., a New York corporation;
GOLD TOWN JEWELRY, INC., a California corporation;
ITALIAN GOLD, INC., a California corporation;
KIZER JEWELRY, INC., a California corporation;
ORO ELEPHANTE, INC., a California corporation;
ORO GRANDE JEWELRY, INC., a California corporation;
MOUSA SHANS, an individual dba Oro Star and dba Shans Jewelry;
ORO STAR, a business entity, form unknown dba Shans Jewelry;
SHANS JEWELRY, a business entity, form unknown dba Oro Star;
RBJ, INC., a California corporation;
ROYAL JEWELRY & DIAMOND FINDING CORP., a New York corporation;
SOLID GOLD JEWELRY CORP., a New York corporation;
and DOES 1 to 100, inclusive.

## Attachment B - List of Defendants and their Addresses

ABAD GOLD, INC.
36 W. 47th St.
New York, NY 10036-8601

ALISHAEV BROTHERS, INC.
55 W. 47th St.
New York, NY 10036-2801

ASK GOLD COMPANY, INC.
c/o Sarkis Ashikian
as Agent for Service of Process
716 S. Olive St. 3rd Floor
Los Angeles, CA 90014

AZNAVOUR JEWELRY, INC.
c/o Vartan Kojababian
as Agent for Service of Process
629 S. Hill St. #900
Los Angeles, CA 90014

BELAIR GOLD DESIGN, INC.
c/o Jack Tutunjian
as Agent for Service of Process
650 S. Hill St., Suite 914
Los Angeles, CA 90014

GOLD EXPO, INC.
c/o Farid Esfandi
as Agent for Service of Process
4163 Via Marina, Suite 412
Marina Del Rey, CA 90292

COMEX INTERNATIONAL TRADING, INC.
c/o Robert W. Cohen
as Agent for Service of Process
1875 Century Park East, Suite 1770
Los Angeles, CA 90067

DON CARLOS JEWELRY, INC.
c/o Courosh Lalezari
as Agent for Service of Process
650 S. Hill St. #618
Los Angeles, CA 90014

FRANKORO IMPORTS, INC.
71 W. 47th St.
New York, NY 10036-2819

GOLD TOWN JEWELRY, INC.
c/o Joseph Tabaroki
as Agent for Service of Process
550 S. Hill St. #625
Los Angeles, CA 90013

ITALIAN GOLD, INC.
c/o Mehrdad Pakizegee
as Agent for Service of Process
608 S. Hill St., Suite 902
Los Angeles, CA 90014

KIZER JEWELRY, INC.
c/o Kamran Zaman
640 S. Hill St. #345
Los Angeles, CA 90014

ORO ELEPHANTE, INC.
c/o Anait Krgatbashyan
as Agent for Service of Process
606 S. Hill St. #801
Los Angeles, CA 90014

ORO GRANDE JEWELRY, INC.
c/o Vaasken Caryan
as Agent for Service of Process
608 S. Hill St. #202-204
Los Angeles, CA 90014

MOUSA SHANS
411 N. Edinburgh Ave.
Los Angeles, CA 90048-2307

ORO STAR
606 S. Hill St., Suite 303
Los Angeles, CA 90014-1756

SHANS JEWELRY
606 S. Hill St., Suite 303
Los Angeles, CA 90014-1756

RBJ, INC.
c/o Myung S. Chun
as Agent for Service of Process
12922 Berkhamstedi
Cerritos, CA 90703

ROYAL JEWELRY & DIAMOND FINDING CORP.
55 W. 47th St.
New York, NY 10036-2801

SOLID GOLD JEWELRY CORP.
28 W. 30th St.
New York, NY 10001-4442

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| MRM JEWELRY, INC., a California corporation | ABAD GOLD, INC., a New York corporation, et al. |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>New York |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Thomas P. Bleau, Esq.<br>BLEAU FOX A P.L.C.<br>3575 Cahuenga Blvd. West, Suite 580<br>Los Angeles, CA 90068<br>(323)874-8613 | Attorneys (If Known) |
|---|---|

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

## V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ Accor. to proof

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent Act, 35 U.S.C. Section 1, et seq.  Defendants engaged in patent infringement in violation of 35 U.S.C. Section 1, et seq.

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Sentence | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' | ☐ 385 Property Damage Product Liability | ☐ 530 General | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of | Liability | BANKRUPTCY | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | Judgment | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litig. |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan | ☐ 350 Motor Vehicle | | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 810 Selective Service | (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal | ☐ 444 Welfare | Seizure of Property 21 | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | Injury Product Liability | ☐ 445 American with Disabilities - | USC 881 | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | Other | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determina- tion Under Equal | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | FEDERAL TAX SUITS |
| Access to Justice | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

## VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY:   Case Number:   **CV08-06900**

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?  [ x ] No  [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above
in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides.   (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

See Attachment "C" for a full list of Defendants and the counties in which they
each reside.

**List the California County,** or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

Los Angeles

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  10/20/2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**Attachment C - List of Defendants and Counties in which They Reside**

ABAD GOLD, INC.
New York

ALISHAEV BROTHERS, INC.
New York

ASK GOLD COMPANY, INC.
County of Los Angeles

AZNAVOUR JEWELRY, INC.
County of Los Angeles

BELAIR GOLD DESIGN, INC.
County of Los Angeles

GOLD EXPO, INC.
County of Los Angeles

COMEX INTERNATIONAL TRADING, INC.
County of Los Angeles

DON CARLOS JEWELRY, INC.
County of Los Angeles

FRANKORO IMPORTS, INC.
New York

GOLD TOWN JEWELRY, INC.
County of Los Angeles

ITALIAN GOLD, INC.
County of Los Angeles

KIZER JEWELRY, INC.
County of Los Angeles

ORO ELEPHANTE, INC.
County of Los Angeles

ORO GRANDE JEWELRY, INC.
County of Los Angeles

MOUSA SHANS
County of Los Angeles

ORO STAR
County of Los Angeles

SHANS JEWELRY
County of Los Angeles

RBJ, INC.
County of Los Angeles

ROYAL JEWELRY & DIAMOND FINDING CORP.
New York

SOLID GOLD JEWELRY CORP.
New York